IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
**Richmond Division**

RENEE GALLOWAY, *et al.*,

    Plaintiffs,

v.                                                                              Civil Action No. 3:19cv470

JAMES WILLIAMS, JR., *et al.*,

    Defendants.

## PRELIMINARY APPROVAL ORDER

WHEREAS, all named Plaintiffs (listed and defined below) and certain Defendants, namely: (1) Big Picture Loans, LLC ("Big Picture") and Ascension Technologies, LLC ("Ascension") (collectively, the "Big Picture Defendants"), represented to be wholly-owned and operated entities of the Lac Vieux Desert Band of Lake Superior Chippewa Indians (the "Tribe"), a federally-recognized Indian tribe, (2) James Williams, Jr., Michelle Hazen, Henry Smith, Alice Brunk, Andrea Russell, Tina Caron, Mitchell McGeshick, Gertrude McGeshick, Susan McGeshick, Giiwegiizhigookway Martin, Jeffery McGeshick, Roberta Ivey, and June Saad (collectively, the "Individual Tribal Defendants"), (3) Columbia Pipe & Supply Co., Timothy Arenberg, Terrance Arenberg, DTA Trinity Wealth Transfer Trust, and Deborah M. Arenberg Living Trust (collectively, the "Columbia Defendants"), (4) Amlaur Resources, LLC and Brian Jedwab (collectively the "Amlaur Defendants"), (5) James Dowd ("Dowd"), (6) Simon Liang ("Liang"), and (7) Brian McFadden ("McFadden") (collectively, the Big Picture Defendants, the Tribe, the Individual Tribal Defendants, the Columbia Defendants, the Amlaur Defendants, Dowd, Liang and McFadden shall be referred to as the "Settling Defendants"; collectively, the Named Plaintiffs and the Settling Defendants shall be referred to as the "Parties"), through their respective

-2-

counsel, have agreed, subject to Court approval following notice to the Settlement Class Members and a hearing, to settle the above-captioned lawsuit (the "Lawsuit") upon the terms and conditions set forth in the Class Action Settlement and Release (the "Settlement Agreement").

The Settlement Agreement that has been filed with the Court (ECF No. 55) and the definitions set forth in the Settlement Agreement are incorporated herein by reference.

Based upon the Settlement Agreement and all the files, records, and proceedings herein, it appears to the Court that, upon preliminary examination, the proposed Settlement is fair, reasonable, and adequate. Accordingly, the Court grants preliminary approval of the Settlement. The Court will set a Final Approval Hearing by separate order after notice to the proposed Settlement Class Members, in order to determine whether a Final Approval Order should be entered in the Lawsuit.

NOW, THEREFORE, IT IS HEREBY ORDERED:

1. **Settlement Class:** Pursuant to Fed. R. Civ. P. 23(b)(2), the matter is hereby preliminarily certified, for Settlement purposes only, as a class action on behalf of the following class of individuals (the "Settlement Class Members" or "Settlement Class"):

> All consumers residing within the United States or its territories who executed loan agreements with Red Rock Tribal Lending, LLC or Big Picture Loans, LLC (including loans assigned to Big Picture Loans, LLC) from June 22, 2013 to the date of the Preliminary Approval Order; provided, however, that "Settlement Class" and "Settlement Class Member" shall exclude: (i) all consumers who would otherwise qualify for membership in the "Settlement Class" for which the consumer previously has released all claims as to the Settling Defendants; (ii) the Settling Defendants' officers, directors, and employees; (iii) the Settling Defendants' attorneys; (iv) the Named Plaintiffs' attorneys; and (v) any judge who has presided over either mediation or disposition of this case and the members of his or her immediate family.

2. **Class Representative Appointment:** Pursuant to Fed. R. Civ. P. 23, the Court preliminary certifies Lula Williams; Gloria Turnage; George Hengle; Dowin Coffy; Marcella Singh, as administrator of the Estate of Felix Gillison, Jr.; Renee Galloway; Dianne Turner; Earl Browne; Rose Marie Buchert; Regina Nolte; Kevin Minor; Teresa Titus; Lisa Martinez; Anthony Green; Sonji Grandy; Anastasia Sherman; Burry Pough; Linda Madison; Dominque de la Bay; Lucinda Gray; Andrea Scarborough; Jerry Avent; Lori Fitzgerald; Derek Geter; Keisha Hamm; Faith Thomas; Sharon Paavo; Latanya Tarleton; Christina Cumming; Lamesha Kondo; Andrea Mendez; Tammy Wangeline; Kimberly Pool; Tasha Pettiford; Richard L. Smith, Jr.; Victoria Renee McKoy; Desiree Wright Lovins; Sandra Monsalve; Carrie Samantha Smith; Chris Kobin; Dana Duggan; and John Actis (collectively, "Named Plaintiffs") as the Class Representative(s) for the Settlement Class. The Court finds and determines that the Named Plaintiffs will fairly and adequately represent the interests of the Settlement Class in enforcing the rights of the Settlement Class in the Litigation.

3. **Class Counsel Appointment:** The following attorneys are preliminarily appointed as Class Counsel under Fed. R. Civ. P 23(g)(1):

   a. Leonard A. Bennett, Elizabeth W. Hanes, and Craig C. Marchiando of Consumer Litigation Associates, P.C.;

   b. Kristi C. Kelly, Andrew J. Guzzo, and Casey S. Nash of Kelly Guzzo PLC;

   c. Beth E. Terrell, Elizabeth A. Adams, and Jennifer R. Murray of Terrell Marshall Law Group PLLC;

   d. E. Michelle Drake and John G. Albanese of Berger & Montague PC;

   e. Matthew W. Wessler of Gupta Wessler PLLC;

   f. Anna C. Haac and Hassan Zavareei of Tycko & Zavareei LLP; and

      g. Michael A. Caddell, Cynthia B. Chapman, John B. Scofield, Jr., and Amy E. Tabor of Caddell & Chapman.

For purposes of these Settlement approval proceedings, the Court finds that these law firms are competent and capable of exercising their responsibilities as Class Counsel and have fairly and adequately represented the interests of the Settlement Class for Settlement purposes.

    4. **<u>Preliminary Certification of the Class:</u>** For Settlement purposes only, the Court preliminarily finds that this matter and the Settlement Class satisfy the applicable prerequisites for class action treatment under Fed. R. Civ. P. 23(b)(2). The Court preliminarily finds that, for Settlement purposes and conditioned upon the entry of this Order and the Final Approval Order, and the occurrence of the Effective Date, that the prerequisites for a class action under Rules 23(a) and (b)(2) of the Federal Rules of Civil Procedure have been satisfied. The Court finds, in the specific context of this Settlement, that the following requirements are met: (a) the number of Settlement Class Members is so numerous that joinder is impracticable; (b) there are questions of law and fact common to the Settlement Class Members; (c) the Named Plaintiffs' claims are typical of the claims of the Settlement Class Members; (d) the Named Plaintiffs have fairly and adequately represented the interests of the Settlement Class and will continue to do so, and the Named Plaintiffs have retained experienced counsel to represent them; (e) the questions of law and fact common to the Settlement Class Members predominate over any questions affecting any individual Settlement Class Member; and, (f) a class action provides a fair and efficient method for settling the controversy under the criteria set forth in Rule 23 and is superior to alternative means of resolving the claims and disputes at issue in this Lawsuit. The Court also concludes that, because this case is being settled rather than litigated, the Court need not consider manageability issues that might be presented by the trial of a class action involving the issues in this case.

5. The Court finds that the Settlement falls within the range of reasonableness because it provides for meaningful remediation relative to the merits of the Named Plaintiffs' claims and the Settling Defendants' defenses in that Settlement Class Members will obtain substantial injunctive relief. The Settlement also has key indicia of fairness in that significant discovery and litigation have been undertaken by the Parties in the Lawsuit and other related cases and settlement negotiations occurred at arm's length.

6. **Class Action Administration:** RSM US LLP is approved as the Settlement Administrator. The Settlement Administrator shall oversee the administration of the Settlement and the notification to Settlement Class Members as directed in the Settlement Agreement. The Notice Plan and class administration expenses shall be paid in accordance with the Settlement Agreement.

7. **Class Notice:** The Court approves the form and content of the Class Notice submitted to the Court on November 26, 2019 (ECF No. 18), amended as proposed by the Settlement Administrator on December 20, 2019 (ECF No. 57). The proposed form and method for notifying the Settlement Class Members of the Settlement and its terms and conditions meet the requirements of Fed. R. Civ. P. 23(c)(2)(B) and due process. The proposed Class Notice constitutes the best notice that is practicable under the circumstances and constitutes due and sufficient notice to all persons and entities entitled to notice. The Court finds that the proposed notice concisely and clearly states, in plain, easily understood language, the nature of the Lawsuit; the definition of the class certified; the class claim, issues, and defenses; that a Settlement Class Member may enter an appearance through counsel if the member so desires; and the binding effect of a class judgment on Settlement Class Members. The Notice Plan is designed for notice to reach a significant number of Settlement Class Members and is otherwise proper under Fed. R. Civ. P. 23(e)(1).

Based on the foregoing, the Court hereby approves the Notice Plan developed by the Parties and directs that the Notice Plan be implemented according to the Settlement Agreement. The Settlement Administrator shall begin delivery of the Notice on separate order of the Court upon disposition of the Motion to Intervene and objection of Eventide Credit Acquisitions, LLC.

8. **Objections:** Any individual within the Settlement Class may appear at the Final Approval Hearing to argue that the proposed Settlement should not be approved and/or to oppose the application of Class Counsel for an award of Attorneys' Fees and costs and the Service Awards to the Named Plaintiffs; provided, however, that no individual within the Settlement Class shall be heard, and no objection may be considered, unless the individual files the objection with the Court no later than thirty (30) days before the Final Approval Hearing and mails the objection to Class Counsel, Settling Defendants' Counsel, and the Settlement Administrator postmarked no later than thirty (30) days before the Final Approval Hearing; provided, however, objections to the Class Counsel's Attorneys' Fees or the requested Service Awards may be supplemented up to seven (7) days after the filing of a motion for such fees or awards to address additional information or materials in the motion. All objections must include: (1) the objector's name, address, telephone number, and the last four digits of the Settlement Class Member's Social Security Number; (2) a sentence stating that to the best of his or her knowledge he or she is a member of the Settlement Class; (3) the factual basis and legal grounds for the objection to the Settlement; and (4) the name, firm name, phone number, email address, and mailing address of counsel representing the objector, if any.

The written objection must indicate whether the Settlement Class Member and/or his or her lawyer(s) intend to appear at the Final Approval Hearing. Any lawyer who intends to appear at the Final Approval Hearing must also enter a written Notice of Appearance of Counsel with the Clerk of the Court no later than thirty (30) days before the Final Approval Hearing and shall include the

-7-

full style and case number of each previous class action case in which that counsel has represented an objector. Settlement Class Members who do not timely make their objections in this manner will be deemed to have waived all objections and shall not be heard or have the right to appeal approval of the Settlement.

9. **Final Approval:** The Court shall set a Final Fairness Hearing by separate order to review and rule upon the following issues:

   a. Whether the proposed Settlement is fundamentally fair, reasonable, adequate, and in the best interests of the Settlement Class Members and should be approved by the Court, including in light of any valid objections filed by Settlement Class Members;

   b. Whether the Final Approval Order should be entered, dismissing the Lawsuit with prejudice against the Settling Defendants, releasing the Released Claims against the Released Parties, and releasing the Non-Payment Released Claims against Settlement Class Members who do not receive a payment from the Settlement Fund, as defined in the Settlement Agreement and Class Notice;

   c. Whether Class Counsel's requested Attorneys' Fees and costs and the Service Awards to the Class Representatives should be approved; and

   d. To discuss and review other issues as the Court deems relevant to the Settlement.

10. Settlement Class Members need not appear at the Final Approval Hearing or take any other action to indicate their approval of the proposed class action Settlement. Settlement Class Members wishing to be heard regarding their objection are, however, required to indicate in their written objection whether or not they intend to appear at the Final Approval Hearing. The Final Approval Hearing may be postponed, adjourned, transferred, or continued without further notice to the Settlement Class Members.

11. An application for Attorneys' Fees and reimbursement of costs and expenses by Class Counsel shall be made in accordance with Section 10.7 of the Settlement Agreement and shall be filed with the Court no later than fourteen (14) days before the Final Fairness Hearing. Further submissions by the Parties, including memoranda in support of the proposed Settlement and responses to any objections, shall be filed with the Court no later than fourteen (14) days prior to the Final Approval Hearing. The Court will permit the supplementation of any filings by objectors as to Attorneys' Fees and costs at any date up to seven (7) days after the filing of a motion for such fees to address additional information or materials in the motion. The Parties may respond to this supplementation before the Final Fairness Hearing.

12. All proceedings against the Settling Defendants are stayed pending Final Approval of the Settlement, except as may be necessary to implement the Settlement or comply with the terms of the Settlement Agreement.

13. Any deadlines set in this Preliminary Approval Order may be extended by order of the Court, for good cause shown, without further notice to the Settlement Class, except that notice of any such extensions shall be posted to the Settlement Website. Members of the Settlement Class should check the Settlement Website regularly for updates, changes, and/or further details regarding extensions of these deadlines.

14. The Parties are directed to carry out their obligations under the Settlement Agreement and are hereby authorized to use all reasonable procedures in connection with approval and administration of the Settlement that are not materially inconsistent with this Order or the Settlement Agreement, including making, without further approval of the Court, minor changes to the Settlement Agreement or to the form or content of the Class Notice that the Parties jointly agree are reasonable or necessary, and which do not limit the rights of Settlement Class Members under the Settlement Agreement.

15. Pending final determination of whether the Settlement should be approved, the Named Plaintiffs, all Settlement Class Members, and any person or entity allegedly acting on behalf of Settlement Class Members, either directly, representatively or in any other capacity, are preliminarily enjoined from commencing or prosecuting against: (1) the Released Parties any action or proceeding in any court or tribunal asserting any of the Released Claims and/or Non-Payment Released Claims. This injunction is necessary to protect and effectuate the Settlement, this Order, and this Court's flexibility and authority to effectuate the Settlement and to enter Judgment when appropriate, and is ordered in aid of this Court's jurisdiction and to protect its judgments pursuant to 28 U.S.C. § 1651(a).

16. If the Settlement Agreement and/or this Order are voided per Section XIII of the Settlement Agreement:

   a. The Settlement Agreement shall have no further force and effect and shall not be offered in evidence or used in the Litigation or in any other proceeding;

   b. Counsel for the Parties shall seek to have any Court orders, filings, or other entries in the Court's file that result from the Settlement Agreement set aside, withdrawn, and stricken from the record;

   c. The Settlement Agreement and all negotiations, proceedings, and documents prepared, and statements made in connection with either of them, shall be without prejudice to any Party and shall not be deemed or construed to be an admission or confession by any Party of any fact, matter, or proposition of law; and

   d. The Parties shall stand in the same procedural position as if the Settlement Agreement had not been negotiated, made, or filed with the Court, and no doctrine of waiver, estoppel, or preclusion will be asserted in any litigated certification proceedings in the Actions against any Party, including without limitation, the

amended complaint filed the Lawsuit and any consolidation of the Actions pursuant to Section 5.1 of the Settlement Agreement shall be null and void as it was filed only to effectuate this Settlement.

17. The Court retains continuing and exclusive jurisdiction over the Lawsuit only to consider all further matters arising out of or connected with the Settlement, including the administration and enforcement of the Settlement Agreement.

It is so ORDERED.

/s/ REP
Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: December 20, 2019