**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division**

RENEE GALLOWAY, et al.,

    Plaintiffs,

v.                                        Civil Action No. 3:19-cv-470

JAMES WILLIAMS, JR., et al.,

    Defendants.

**ORDER**

Plaintiffs Lula Williams, Gloria Turnage, George Hengle, Dowin Coffy, Marcella Singh as administrator of the Estate of Felix Gillison, Jr., Renee Galloway, Dianne Turner, Earl Browne, Rose Marie Buchert, Regina Nolte, Kevin Minor, Teresa Titus, Lisa Martinez, Anthony Green, Sonji Grandy, Anastasia Sherman, Burry Pough, Linda Madison, Dominque de la Bay, Lucinda Gray, Andrea Scarborough, Jerry Avent, Lori Fitzgerald, Derek Geter, Keisha Hamm, Faith Thomas, Sharon Paavo, Latanya Tarleton, Christina Cumming, Lamesha Kondo, Andrea Mendez, Tammy Wangeline, Kimberly Pool, Tasha Pettiford, Richard L. Smith, Jr., Victoria Renee McKoy, Desiree Wright Lovins, Sandra Monsalve, Carrie S. Smith, Chris Kobin, Dana Duggan and John Actis ("Plaintiffs"), individually and on behalf of the preliminarily certified Settlement Class, have submitted to the Court a Motion for Final Approval of the Class Action Settlement ("Final Approval Motion").

The Court has reviewed the papers filed in support of the Final Approval Motion, including the Settlement Agreement filed with Plaintiffs' Preliminary Approval Motion, the memoranda and arguments submitted on behalf of the Settlement Class, and all supporting exhibits and declarations thereto, as well as the Court's Preliminary Approval Order. The Court held a Final Fairness Hearing on December 15, 2020, at which time the Parties and other interested persons were given an opportunity to be heard in support of and in opposition to the proposed settlement. Based on the papers filed with the Court and the presentations made at the Final Fairness Hearing, the Court finds that the Settlement Agreement is fair, adequate, and reasonable. Accordingly,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** as follows:

1.   This Final Approval Order incorporates herein and makes a part hereof the Settlement Agreement and the Preliminary Approval Order. Unless otherwise provided herein, the capitalized terms used herein shall have the same meanings and/or definitions given to them in the Preliminary Approval Order and Settlement Agreement.

2.   This Court has jurisdiction over matters relating to the Settlement, including, without limitation, the administration, interpretation, effectuation and/or enforcement of the Settlement, the Settlement Agreement, and this Final Order and Judgment.

**CERTIFICATION OF THE SETTLEMENT CLASS AND APPOINTMENT OF CLASS COUNSEL AND CLASS REPRESENTATIVES**

3.   In the Preliminary Approval Order, this Court previously

- 2 -

certified, for settlement purposes only, a Settlement Class defined as follows:

      a.    all consumers residing within the United States or its territories who executed loan agreements with Red Rock Tribal Lending, LLC or Big Picture Loans, LLC (including loans assigned to Big Picture Loans, LLC) from June 22, 2013 to December 20, 2019.

      b.    Excluded from the Class are all consumers who would otherwise qualify for membership in the Settlement Class for which the consumer previously has released all claims as to the Settling Defendants; the Settling Defendants' officers, directors, and employees; the Settling Defendants attorneys; the named Plaintiffs' attorneys; and any judge who has presided over either mediation or disposition of this case and the members of his or her immediate family.

4.    Certification of the Settlement Class is hereby reaffirmed as a final Settlement Class pursuant to Fed. R. Civ. P. 23. For the reasons set forth in the Preliminary Approval Order, this Court finds, on the record before it, that the Action, for purposes of this Settlement, may be maintained as a class action on behalf of the Settlement Class.

5.    In the Preliminary Approval Order, this Court previously appointed the above-identified Plaintiffs Renee Galloway, Lula Williams, Gloria Turnage, George Hengle, Dowin Coffy, Marcella Singh, as administrator of the Estate of Felix Gillison, Jr., Dianne Turner, Earl Brown, Rose Marie Buchert, Regina Nolte, Kevin

Minor, Teresa Titus, Lisa Martinez, Anthony Green, Sonji Grandy, Anastasia Sherman, Burry Pough, Linda Madison, Dominque de la Bay, Lucinda Gray, Andrea Scarborough, Jerry Avent, Lori Fitzgerald, Derek Geter, Keisha Hamm, Faith Thomas, Sharon Pavvo, Latanya Tarleton, Christina Cumming, Lamesha Kondo, Andrea Mendez, Tammy Wangeline, Kimberly Pool, Tasha Pettiford, Richard L. Smith, Jr., Victoria Renee McKoy, Desiree Wright Lovins, Sandra Monsalve, Carrie Samantha Smith, Chris Kobin, Dana Duggan and John Actis Class Representatives and hereby reaffirms that appointment, finding, on the record before it, that the Class Representatives have and continue to adequately represent Settlement Class Members.

6.    In the Preliminary Approval Order, this Court previously appointed the law firms of Kelly Guzzo PLC, Consumer Litigation Associates, P.C., Terrell Marshall Law Group PLLC, Berger Montague PC, Gupta Wessler PLLC, Tycko & Zavareei LLP, and Caddell & Chapman as Class Counsel for settlement purposes only and hereby reaffirms that appointment, finding, on the record before it, that Class Counsel have and continue to adequately and fairly represent Settlement Class Members.

### CLASS NOTICE

7.    The record shows, and the Court finds, that Class Notice has been given to the Settlement Class in the manner approved by the Court in its Preliminary Approval Order. The Court finds that such Class Notice constitutes: (i) the best notice practicable to the Settlement Class under the circumstances; (ii) notice that was

-4-

reasonably calculated, under the circumstances, to apprise the Settlement Class of the pendency of the Action, their rights to appear at the Final Fairness Hearing (either on their own or through counsel hired at their own expense), and the binding effect of the Final Order and Judgment; (iii) due, adequate, and sufficient notice to all persons or entities entitled to receive notice; and (iv) notice that fully satisfies the requirements of the United States Constitution (including the Due Process Clause), Federal Rules of Civil Procedure 23(c)(2)(B) and 23(e)(1), and any other applicable law.

8.    Due and adequate notice of the proceedings having been given to the Settlement Class and a full opportunity having been offered to Settlement Class Members to participate in the Final Fairness Hearing, it is hereby determined that all Settlement Class Members are bound by this Final Approval Order and Judgment. No Settlement Class Members are excluded from the Settlement Class, from the terms of the Settlement Agreement, or from the effect of this Final Approval Order and Judgment.

## FINAL APPROVAL OF THE SETTLEMENT AGREEMENT

9.    Pursuant to Fed. R. Civ. P. 23(e), the Court hereby finally approves in all respects the Settlement as set forth in the Settlement Agreement and finds that the Settlement, the Settlement Agreement, the benefits to the Settlement Class Members, and all other parts of the Settlement are, in all respects, fair, reasonable, and adequate, and in the best interest of the

Settlement Class, within a range that responsible and experienced attorneys could accept considering all relevant risks and factors and the relative merits of Plaintiffs' claims and any defenses of the Settling Defendants, and are in full compliance with all applicable requirements of the Federal Rules of Civil Procedure, the Due Process Clause, and the Class Action Fairness Act. Accordingly, the Settlement shall be consummated in accordance with the terms and provisions of the Settlement Agreement, with each Settlement Class Member bound by the Settlement Agreement, including any releases therein.

10. Specifically, the Court finds that the Settlement is fair, reasonable, and adequate given the following factors, among other things:

a. Class Counsel had a well-informed appreciation of the strengths and weaknesses of the Action while negotiating the Settlement;

b. The monetary and injunctive relief provided for by the Settlement is well within the range of reasonableness in light of the best possible recovery and the risks the Parties would have faced if the case had continued to verdicts as to jurisdiction, liability, and damages;

c. The Settlement was the result of arm's-length good faith negotiations and exchange of information by experienced counsel;

d. The reaction of the class to the Settlement has

- 6 -

been positive, with no objections to the Settlement.

11.   Accordingly, the Settlement shall be consummated in accordance with the terms and provisions of the Settlement Agreement.

### PAYMENT OF MONETARY CONSIDERATION AND INJUNCTIVE RELIEF TO THE CLASS

12.   The Court approves the Parties' plan to distribute the Cash Awards provided for by the Settlement Agreement to Settlement Class Members as set forth in the Settlement Agreement.

13.   The Court also approves the agreements reached with respect to injunctive relief, as more particularly set forth in the Settlement Agreement (which shall control in the event of any alleged inconsistency with this Final Approval Order):

a.   With respect to Settlement Class Members residing within the United States or its territories who executed loan agreements with Big Picture and/or Red Rock (including loans assigned to Big Picture or Red Rock) from June 22, 2013, to December 20, 2019 and have not fully paid off his or her loan under the agreed terms, but not including Charged-Off Loans (defined below), the Big Picture Defendants shall collect no more than 2.5 times the original principal amount of the loan in payments over the life of the loan;

b.   With respect to loan agreements executed (i) by Settlement Class Members residing within the United States or its territories, (ii) with Big Picture and/or Red Rock (including loans

- 7 -

assigned to Big Picture) and (iii) from June 22, 2013 to December 20, 2019, Big Picture shall charge off such loans after being at least 210 days in default ("Charged- Off Loans"). The Big Picture Defendants shall cease any collection activities and cancel all such loans as a contested liability to the extent not already done for Charged-Off Loans. The Big Picture Defendants shall not assign, sell, or transfer any interest in Charged-Off Loans and/or future loan proceeds from Charged-Off Loans. Any consumers with Charged-Off Loans on the Effective Date shall be notified of the elimination of their defaulted loan balances through a letter, approved by all Parties and sent by the Settlement Administrator. Such letter will be sent by email if such address is reasonably verifiable and shall not imply or express any admission of wrongdoing by any of the Released Parties. Any payments made on Charged-Off Loans to the Big Picture Defendants after the date of the Preliminary Approval Order shall either be (i) rejected by Big Picture Defendants or (ii) held in escrow by the Big Picture Defendants and within thirty (30) days of the Effective Date shall be returned to the respective consumer or paid to the Settlement Administrator to be returned to the respective Settlement Class Member.

14.   The relief provided by the Settlement is significant. The Settling Defendants are establishing a fund of $8.7 million that will result in distributions to qualifying Settlement Class Members for part of the excessive interest that they paid on their loans, and which will also fund the costs of settlement administration, the reimbursement of litigation expenses, the payment of attorneys' fees, and the payment of service awards to

class representatives. In addition, as of the Settlement's Effective Date, Big Picture: (1) will collect not more than 2.5 times the principal loaned on any outstanding debt no matter how long that loan takes to repay; (2) will cancel and cease collection of all loans that are more than 210 days in default; and (3) will not sell, transfer, or assign any charged-off debt.

### DISMISSAL OF CLAIMS AND RELEASES

15. This Court hereby dismisses with prejudice on the merits and without costs or attorneys' fees (except as otherwise provided in the Agreement) the above-captioned action (subject to retention of jurisdiction to enforce the Agreement and the Settlement).

16. Pursuant to the Settlement Agreement, as of the Effective Date of this Settlement, the following releases shall be effective:

a. Upon the Effective Date, each Named Plaintiff and each Settlement Class Member who is sent a payment from the Fund.

b. Upon the Effective Date, the Named Plaintiffs, for themselves and as representatives of the Settlement Class, each Settlement Class Member who submits a Valid Claim, and/or their respective spouses, heirs, executors, administrators, representatives, agents, attorneys, partners, successors, predecessors and assigns and all those acting or purporting to act on their behalf acknowledge full satisfaction of, and shall be conclusively deemed to have fully, finally and forever settled, released and discharged the Released Parties of and from the Released Claims. The release does not extend to the Parties'

-9-

respective rights and obligations under the Settlement Agreement. Also, nothing in the Settlement Agreement shall be deemed a release of Plaintiffs' and Settlement Class Members' respective Claims against the Non-Settling Defendants.

c.      In exchange for the relief described in the Settlement Agreement and the injunctive relief set forth in Section XI of the Settlement Agreement, Settlement Class Members who submit Valid Claims and/or anyone acting or purporting to act on their behalf agree to release the Released Parties from any and all Released Claims. The release covers every possible Claim that could have been brought in the Actions against the Released Parties, regardless of any other requirement imposed by federal or state law, including all damages claims and claims for any and other remedies.

d.      Settlement Class Members who do not receive a payment from the Settlement Fund will waive their rights to bring a class action, collective action, and/or mass action (but not an individual action) against any and all of the Released Parties related to not only claims asserted in the Actions, but also claims that could have been asserted in the Actions.

e.      The release is limited to the Released Claims. However, Plaintiffs for themselves and for each Settlement Class Member, acknowledge that they are aware that they may hereafter discover facts in addition to or different from those that they or Class Counsel now know or believe to be true with respect to the

subject matter of these releases, but they, upon the Effective Date of the Settlement Agreement, fully, finally, and forever settle and release any and all Released Claims and Non-Payment Released Claims, without regard to the subsequent discovery or existence of such additional facts. Plaintiffs for themselves and all Settlement Class Members further waive any and all rights and benefits afforded by Section 1542 of the California Civil Code (or any other statute or legal doctrine limiting the effectiveness of releases), which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

### AWARD OF ATTORNEYS' FEES AND COSTS AND SERVICE AWARDS

17. At the conclusion of a successful class action, class counsel may apply to a court for an award of attorneys' fees. *See* Fed. R. Civ. P. 23(h). Pursuant to the Settlement Agreement Class Counsel may request reasonable attorneys' fees and reimbursement of costs to be paid from the Settlement Fund, provided that the total amount of such request does not exceed 33% of the Settlement Fund.

18. Because this is a common-fund case, it is appropriate to employ a percentage of the fund method for calculating a proper fee award. When a representative party confers a substantial benefit upon a class, counsel is entitled to attorneys'

fees based on the benefit obtained. *Boeing Co. v. Van Gemert*, 444 U.S. 472, 478 (1980). *See, e.g., Milbourne v. JRK Residential America, LLC*, No. 3:12-cv-861-REP (ED. Va. Jan. 4, 2017) (Doc. 324); *Mayfield v. Memberstrust Credit Unio*n, 3:07-cv-506-REP (E.D. Va. Nov. 7, 2008) (Doc. 22); *Conley v. First Tennesse*e, 1:10-cv-1247-JFA (E.D. Va. Aug. 18, 2011) (Doc. 37); *Lengrand v. Wellpoin*t, No. 3:11-cv-333-HEH (E.D. Va. Nov. 13, 2012) (Doc. 42).

19.   No Class Member or Government entity has objected to Class Counsel's request.

20.   The Court, having reviewed the declarations, exhibits, and points and authorities submitted in support of and opposition to Class Counsel's request for attorneys' fees and reimbursement of costs, approves the award of attorneys' fees and reimbursement of costs to Class Counsel in the amount of $2,871,000 ("Fee and Expense Award"). The Court finds that the Fee and Expense Award is reasonable and appropriate under all of the circumstances presented.

21.   The Settlement Agreement also provides that Plaintiffs may request a Service Award to be paid from the Settlement Fund, provided such awards do not exceed $5,000 to each Class Representative.

22. Courts routinely grant service awards to compensate named plaintiffs for the services they provided and the risks they incurred during the course of class action litigation. *See, e.g., Manuel v. Wells Fargo Bank*, No. 3:14-cv-238 (DJN), 2016 WL 1070819,

at *6 (E.D. Va. Mar. 15, 2016) (explaining that service awards are "intended to compensate class representatives for work done on behalf of the class, to make up for financial or reputational risk undertaken in bringing the action, and, sometimes, to recognize their willingness to act as a private attorney general").  Here, the Court finds that the requested Service Awards are too high in light of (1) the size of the cash damage awards available to the majority of class members, (2) the total award amount requested (i.e., $210,000), and (3) the variation in time, effort, and reputational risk that the Named Plaintiffs faced relative to each other. Instead, the Court awards: (1) $5,000 to the five Named Plaintiffs who were deposed and who answered written discovery (i.e., Lula Williams, Gloria Turnage, George Hengle, Dowin Coffy, and Marcella Singh as administrator of the estate of Felix Gillison, Jr.); (2) $4,000 to the five Named Plaintiffs who were required to respond to written discovery requests (i.e., Christine Cumming, Lamesha Kondo, Andrew Mendez, Tammy Wangeline, and Kimberly Pool); (3) $4,000 to the five additional Named Plaintiffs who served on the Creditors Committee in the Eventide bankruptcy proceedings[1] (i.e., Renee Galloway,

---

[1] See In Re Eventide, LLC, No. 20-40349 (Bankr. N.D Tex.).  Class Counsel have represented to the Court that Named Plaintiffs were brought into the Eventide bankruptcy proceedings by virtue of their service as Named Plaintiffs in this case.

Regina Nolte, Teresa Titus, Richard L. Smith, and Dana Duggan); and (4) $3,000 to the remaining Named Plaintiffs (i.e., Dianne Turner, Earl Brown, Rose Marie Buchert, Kevin Minor, Lisa Martinez, Anthony Green, Sonji Grandy, Anastasia Sherman, Burry Pough, Linda Madison, Dominque de la Bay, Lucinda Gray, Andrea Scarborough, Jerry Avent, Lori Fitzgerald, Derek Geter, Keisha Hamm, Faith Thomas, Sharon Pavvo, Latanya Tarleton, Tasha Pettiford, Victoria Renee McKoy, Desiree Wright Lovins, Sandra Monsalve, Carrie Samantha Smith, Chris Kobin, and John Actis). The total incentive award is, therefore, $146,000.

22. The Court further notes that the amount of requested attorneys' fees and reimbursement of costs and the dollar amount of the requested Service Awards was included in the notice materials disseminated to the Settlement Class.

23. The award of attorneys' fees and costs shall be paid by the Defendants from the Settlement Fund no earlier than the Effective Date and no later than ten days after receipt of the final payment into the Settlement Fund as described in Section 10.1 and 10.10 of the Settlement Agreement.

24. The Service Awards will be paid by the Defendants from the Settlement Fund no earlier than the Effective Date and no later than ten days after receipt of the final payment into the Settlement Fund as described in Section 10.1 and 10.11 of the Settlement Agreement.

**OTHER PROVISIONS**

25.   The Court has jurisdiction to enter this Final Order and Final Judgment. Without in any way affecting the finality of this Final Order or the Final Judgment, this Court expressly retains exclusive and continuing jurisdiction over the Settlement and the Settlement Agreement, including all matters relating to the administration, consummation, validity, enforcement, and interpretation of the Settlement Agreement or the Final Order and Judgment, including, without limitation, for the purpose of:

a.   enforcing the terms and conditions of the Settlement Agreement and resolving any disputes, claims or causes of action that, in whole or in part, are related to or arise out of the Settlement Agreement, the Final Order, or the Final Judgment (including, whether a person or entity is or is not a Settlement Class Member);

b.   entering such additional orders, if any, as may be necessary or appropriate to protect or effectuate the Final Order, the Final Judgment, or the Settlement Agreement, or to ensure the fair and orderly administration of the Settlement; and

c.   entering any other necessary or appropriate orders to protect and effectuate this Court's retention of continuing jurisdiction over the Settlement Agreement, the Final Order, or the Final Judgment.

26.   Without affecting the finality of this Final Order or the Final Judgment, the Defendants, each Settlement Class Member,

and the Class Administrator hereby irrevocably submit to the exclusive jurisdiction of the Court for the limited purpose of any suit, action, proceeding, or dispute arising out of the Settlement Agreement or the applicability of the Settlement Agreement, including any suit, action, proceeding, or dispute relating to the Release provisions herein.

27. The Parties are hereby directed to carry out their obligations under the Settlement Agreement.

28. Without further order of the Court, the Parties may agree to reasonably necessary extensions of time to carry out any of the provisions of the Settlement Agreement. Likewise, the Parties may, without further order of the Court or notice to the Settlement Class, agree to and adopt such amendments to the Settlement Agreement (including exhibits) as are consistent with this Final Approval Order and that do not limit the rights of Settlement Class Members under the Settlement Agreement.

29. In the event that the Settlement becomes null and void, certification of the Settlement Class shall be automatically vacated and this Final Approval Order and Judgment, as well as all other orders entered and releases delivered in connection with the Settlement Agreement, shall be vacated and shall become null and void, shall be of no further force and effect, and the Parties' rights and defenses shall be restored, without prejudice, to their respective positions as if the Settlement Agreement had never been executed.

30.     This  Final  Approval  Order  and  Judgment  is  final  for purposes of appeal and may be appealed immediately.

It is so ORDERED.


_____ /s/        _____
Robert E. Payne
Senior United States District Judge


Richmond, Virginia
Date: December 18, 2020